STEPHEN S. HART
HART LAW OFFICES, P.C.
482 Constitution Way Suite 313
Idaho Falls, ID 83402-3537
Phone: (208) 524-3272
Fax: (208-524-3619
Idaho State Bar # 1987
Email: shart@hartlawif.com

Attorney for Petitioner

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TEL JAMES BOAM, | Case No. 4:24-cv-338-BLW |
| Petitioner, | 4:20-cr-00188-BLW-1 |
| v. | **MOTION FOR LEAVE TO AMEND PETITION TO VACATE OR SET ASIDE JUDGMENT** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**COMES NOW**, the Petitioner, TEL JAMES BOAM, by and through his counsel of record Stephen S. Hart, of Hart Law Offices, P.C., and hereby moves this Court, under FRCP Rule 15, to allow the defendant to file his Amended Motion to Vacate or Set Aside Judgment.

Petitioner submits his good cause for the amendment of his Motion/Petition to Vacate or Set Aside Judgment is as follows:

1. The respondent, the United States of America, has not filed its response to the petitioner's Petition filed on July 27, 2024. (Dkt. 1)

2. The respondent, the United States of America, was granted an extension to file its response to the petitioner's Petition on August 30, 2024, the due date of the respondent's response to the petitioner's Petitioner. This first requested extension to file its response to the petitioner's Petition was granted, and the respondent was required to file its response on December 2, 2024. This extension, in effect, allowed the respondent ninety-five (95) additional days. (Dkt. 3 and Dkt. 4)

3. The respondent, United States of America, requested a second extension to file its response to petitioner's Petition on November 26, 2024 and ask for an extension to file its response until December 17, 2024. The Court granted a second extension to respondent to file its response to petitioner's Petition until December 12, 2024. (Dkt. 5 and Dkt. 6)

4. The petitioner has not requested any order for amendment previously.

5. This Motion is not made in bad faith as the petitioner has competent and compelling additional argument and evidence information that needs to be provided in this proceeding.

6. This Motion is not made for any dilatory motive or undue delay.

5. This Motion does not prejudice the opposing party as the respondent has filed no response. The respondent's **first** response on petitioner's Petition was due on August 30, 2024; the **second** due date for respondent's response was December 2, 2024; and, the **third** due date for respondent's response is December 12, 2024. The total time for the requested extensions to file its response is one hundred seven (107) days. In addition, the petitioner is currently serving the sentence imposed by this Court and this requested amendment does not change the status quo of the petitioner's incarceration.

6. The amendment sought by petitioner is not futile as the issues of ineffective assistance of counsel, and specifically the 404(b) evidence issue, are substantive and critical to the full and complete presentation and support of petitioner's Petition.

7. After further extensive review of the record, and a review of potential expert testimony related to the admission of the 404(b) evidence relating to the defendant's stepdaughter's "recovered memories," it has been determined that Robin Dunn, prior attorney for the petitioner failed to contact, consult with or request the assistance of experts in the area of "recovered memories." The failure of counsel to investigate this issue and consult with and retain an expert on this issue is extremely prejudicial and verification of incompetent counsel.

Counsel for the defendant has located Deborah Davis, PhD., Professor of the Department of Psychology, University of Nevada, Reno. I have attached her extensive "Vita".

The stepdaughter was subjected to three (3) forensic interviews, each approximately three (3) months from the last. The first two were conducted by the same interviewer, and the last by a second interviewer. The stepdaughter testified after the first two forensic interviews that she had not been molested or abused. Prior to the third interview, the stepdaughter had been informed of the videos of her in the residence bathroom. After receiving this information and the third forensic interview, the stepdaughter suddenly recalled memories of abuse. (Tr. p. 642)

The stepdaughter's memories came to her after she learned of, and was required to watch, the videos of her nude. Deputy Johnson had the stepdaughter watch the videos. (Tr. p. 645)

The stepdaughter was subjected to leading questions to which Mr. Dunn failed to object. On page 407 of the transcript, the government stated/asked: "It is not just a dream or anything like that, it's what happened to you.

The stepdaughter also testified, without foundation or cross-examination, that because of the Ambien, "I have almost forgotten everything, I didn't remember anything." The memory that I just told you guys about after I had learned that the videos were taken. "Dusty Johnson had me come to the office and I had watch some of the videos". (Tr. p. 406)

Please note that she denied the any physical abuse after the first two forensic interviews and recovered memories only after a third interview was conducted.

The above expert can now be retained, with funds that have become available and will be provided within the next ten (10) to fifteen (15) business days. These funds will allow the expert to review the forensic interviews and other records to provide her expert opinion in support of the relief sought herein.

7. Petitioner is not requesting an amendment to add any new claim by petitioner.

8. Petitioner is currently serving his sentence in the Federal Prison in Tuscon, Arizona. The communication between counsel and the petitioner has been very difficult and prohibitive in time available for any meaningful discussion on the legal issues of the pending Petition.

9. Petitioner's family has just recently been able to secure the funds to allow counsel for petitioner to hire an expert to address the 404(b) recovered memory testimony allowed at the time of the trial in this matter.

10. Petitioner requests an extension of ninety (90) days to file his Amended Motion to Vacate or Set Aside Judgment and supporting documents.

**WHEREFORE**, Petitioner requests that an order allowing the amendment of his Motion/Petition to Vacate or Set Aside Judgment be granted as requested.

Dated this December 5, 2024.

Stephen S. Hart, Esq.
HART LAW OFFICES, P.C.
Attorney for Petitioner

# CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2024, I served a copy of the foregoing document through CM/ECF on all registered participants to the action, as reflected in the NOTICE OF ELECTRONIC FILING registry, as noted in the official case registry, including:

**William M Humphries**
United States Attorney's office
bill.humphries@usdoj.gov

**Justin K Paskett**
United States Attorney's Office
justin.paskett@usdoj.gov

**John Christopher Shirts**
DOJ-USAO
john.shirts@usdoj.gov

Dated: December 5, 2024

Stephen S. Hart
HART LAW OFFICES, P.C.
Attorney for Defendant