JUSTIN D. WHATCOTT, IDAHO STATE BAR NO. 6444
ACTING UNITED STATES ATTORNEY
JUSTIN K PASKETT, IDAHO STATE BAR NO. 9066
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
801 E. SHERMAN AVE SUITE 192
POCATELLO, ID 83201
TELEPHONE: (208) 478-4166
FACSIMILE: (208) 478-4175

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TEL JAMES BOAM,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.  4:24-cv-338-BLW<br>4:20-cr-188-BLW-1<br><br>**DECLARATION OF ASSISTANT UNITED STATES ATTORNEY JUSTIN PASKETT** |

The United States of America, by and through Justin D. Whatcott, Acting United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, submits the following declaration with supporting exhibits.

1. I (Justin Paskett) am an Assistant United States Attorney ("AUSA") for the District of Idaho and have personal knowledge of the facts stated herein.

2. On or about October 2, 2019, Defendant T.J. Boam ("Defendant" or "Mr. Boam") was charged in Idaho State District Court, Seventh Judicial District, Jefferson County, case

**DECLARATION OF ASSISTANT UNITED STATES ATTORNEY JUSTIN PASKETT**
- 1

number CR26-19-2518, with two counts of video voyeurism. (Gov. Exhibit 1 – Idaho State District Court Docket in case number CR26-19-2518).

3. During December 2019, I received information from Homeland Security Investigations (HSI) indicating that Mr. Boam's state charges involved the use of a surreptitiously placed camera to produce images of child pornography, and that an instance of lewd conduct had been disclosed.

4. Also in December 2019, I communicated with Deputy Prosecutor Mike Winchester of the Jefferson County Prosecutor's Office regarding potential federal prosecution in this matter. These communications resulted in a proposed state resolution that, if agreed to by the Mr. Boam, would resolve both state and federal interests and no federal charges would be brought.

5. On or about January 14, 2020, I drafted a letter addressed to Mr. Boam's then-attorney, Ms. Penelope North Shaul, setting forth certain conditions the Defendant would need to satisfy in a state plea agreement, in exchange for the Government's agreement not to pursue federal charges. (Gov. Exhibit 2 – letter to Ms. North Shaul).

6. On or about January 21, 2020, I had a telephone conversation with Ms. North Shaul after sending the target letter. I informed her that I intended to move forward with a federal indictment if the state case was not resolved under the terms outlined in the target letter. (Gov. Exhibit 3 – email to Ms. North Shaul).

7. During the phone conversation on January 21, 2020, Ms. North Shaul stated she understood the mandatory minimum sentencing considerations and the federal criminal justice system, given her prior service as a Bonneville County Deputy Prosecutor and as a Special Assistant United States Attorney (SAUSA).

**DECLARATION OF ASSISTANT UNITED STATES ATTORNEY JUSTIN PASKETT**

8. Also, on January 21, 2020, I received an email from Ms. North Shaul, addressed to myself and Deputy Prosecutor Winchester, with an attached copy of the state plea agreement that had been signed by Mr. Boam. (Gov. Exhibit 4 – email from Ms. North Shaul, Gov. Exhibit 5 – Signed Plea Agreement).

9. The plea agreement was filed in the state court on January 21, 2020. In it, Mr. Boam acknowledged he had discussed its consequences with his attorney and was entering the plea freely and voluntarily. (Gov. Exhibit 1, 5).

10. On or about January 27, 2020, Mr. Boam was arraigned in state court and entered a guilty plea to lewd and lascivious conduct. A Presentence Report and psychosexual evaluation were ordered. (Gov. Exhibit 1).

11. On or about March 3, 2020, Attorney Dan Dummar appeared in the state case. Deputy Prosecutor Winchester informed me that Mr. Boam was also being represented by Attorney Kristopher Meek, from the same law firm as Mr. Dummar. (Gov. Exhibit 1).

12. Mr. Winchester further indicated that Mr. Meek had procured a polygraph for Mr. Boam, apparently in an effort to negotiate a more favorable plea deal.

13. On or about March 18, 2020, a Stipulation was filed in the state case for Mr. Boam to withdraw his guilty plea, with Mr. Meek and Mr. Dummar representing him. (Gov. Exhibit 1).

14. On April 6, 2020, the Idaho State District Court conditionally denied the Defendant's motion to withdraw his guilty plea. The Court reviewed the Defendant's sworn testimony and found that at the time of his guilty plea, the Defendant acknowledged the factual basis of the charges, admitted his actions were deliberate, and understood that his sentence would be imprisonment. The Court conditioned the plea withdrawal on a timely

**DECLARATION OF ASSISTANT UNITED STATES ATTORNEY JUSTIN PASKETT**

federal indictment and noting that Defendant was well aware of the potential for federal charges as set forth in the original plea agreement. (Gov. Exhibit 6 – State District Court Order).

15. On or about July 27, 2020, while still represented by Mr. Meek and Mr. Dummar, Mr. Boam filed a declaration in the state case indicating he had been "fully advised by [his] attorneys of the consequences that may result from the withdrawal of [his] guilty plea." (Gov. Exhibit 7 – Defendant's Declaration to Withdraw Guilty Plea).

16. The Idaho State District Court dismissed the case on or about July 27, 2020, conditioned on the understanding that federal charges would be pursued. If a timely federal indictment was not obtained, the state guilty plea would be reinstated. (Gov. Exhibit 8 – State District Court Order).

17. On August 25, 2020, a federal grand jury indicted Defendant on sixteen (16) counts of production of child pornography, and one count of possession of child pornography. (ECF-1).

18. Mr. Robin Dunn entered an appearance on August 28, 2020 becoming Defendant's counsel in the federal matter—though he never appeared in the state-court proceedings. (ECF-6).

19. On July 23, 2021, Mr. Manuel Murdock was appointed as CJA counsel in the federal case (ECF 50), resulting in Mr. Boam having two attorneys, Dunn and Murdock, for the remainder of the proceedings.

20. On August 24, 2021, I sent a letter and a proposed plea agreement to Mr. Dunn and Mr. Murdock, which included a plea offer and specific guideline calculations showing an anticipated guideline range of 180 to 210 months. It also stated that, if convicted at trial,

Mr. Boam could face up to 500 years. The letter contained a signature block for Defendant and defense counsel to acknowledge they had read the Government's plea offer and estimated guideline calculation. (Gov. Exhibit 9 – Government's Cover Letter, Gov. Exhibit 10 – Government Plea Offer).

21. Mr. Murdock returned the signed signature block, indicating that he had reviewed the plea offer and guideline information with Mr. Boam. Mr. Dunn and Mr. Boam declined to sign. (Gov. Exhibit 11 – Signed Cover Letter).

22. All communications between myself and Ms. North Shaul, as well as my telephone calls with Mr. Meek and Mr. Dummar, occurred in furtherance of plea negotiations regarding whether Mr. Boam's matter would be resolved in state court or subject to federal charges.

23. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this 24th day of March, 2025

JUSTIN D. WHATCOTT
ACTING UNITED STATES ATTORNEY
By:


__/s/ Justin K. Paskett_____
JUSTIN K. PASKETT
Assistant United States Attorney