**U.S. Department of Justice**

***United States Attorney***
***District of Idaho***
*Pocatello Branch Office*

**Address:**
801 E. Sherman, Room 192
Pocatello, ID 83201

Boise Tel: 208/334-1211
Pocatello Tel: 208/478-4166
Pocatello Fax: 208/478-4175

August 24, 2021

Robin D Dunn
rdunn@dunnlawoffices.com,

Manuel Travis Murdoch
manuelmurdoch@gmail.com

Re: Tel James Boam

Dear Mr. Dunn/Mr. Murdoch,

I am writing to extend a formal Plea Offer in the Tel James Boam matter Case No. CR-20-188-E-BLW. Mr. Boam is currently charged with sixteen counts of attempted sexual exploitation of a child, and one count of possession of child pornography. The Government's offer is for Mr. Boam to plead to count 1, (a single count of attempted sexual exploitation of a child), and the Government will dismiss all remaining counts. The Government will agree to recommend a sentence at the low-end of the Sentencing Guideline range.

**Government's Guideline Calculation on a single count of sexual exploitation without acceptance of responsibility.**

| | |
|---|---|
| Offense level based on attempted sexual exploitation of a child: | 38[1] |
| Defendant's Criminal history category: | I |
| Guideline Range | 235-293 months (19.5-24.4 years) |

---

**Government's Guideline Calculation with proposed plea offer**

Offense level with 3-point reduction for acceptance of responsibility: 35

[1] Mr. Boam may also qualify as a repeat and dangerous sex offender against minors under U.S.S.G. § 4B1.5(b)(1). If so, the stated offense level shall increase by 5 points. In this case the applicable offense level would then be 43 with life guidelines, but set at the statutory maximum of 30 years, per count.

| | |
|---|---|
| Defendant's Criminal history category: | I |
| Guideline Range | 180 (statutory mandatory minimum)-210 months (15-17.5 years) |

If the Defendant proceeds to trial, loses the benefit of a three-point reduction for acceptance of responsibility, and receives a sentence at the high-end of the guideline range the Defendant is looking at a potential sentence difference of up to 113 months (9.4 years) higher, than if he accepted the Government's plea agreement, receives the benefit of acceptance of responsibility and receives a sentence at the low end of the guideline range.

The above difference is for just one count. As you know, Mr. Boam faces 17 total counts, which can all be run consecutively. Together, if the Court were to run the counts consecutively, the mandatory minimum Mr. Boam would face is 240 years and up to 500 years, which includes the possession of child pornography count. In previous cases in the District of Idaho, the Court has, at times, ran similar counts consecutively. Accepting the Government's plea agreement, Mr. Boam would limit his exposure to 30 years maximum, while significantly decreasing his guideline range.

This is the only offer the Government will make and this offer is not open to any further negotiation. This offer will expire on Thursday August 26, 2021 at 4:00 pm.

Sincerely,

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY

______________________________
Justin Paskett
Assistant United States Attorney

JKP

Signatures acknowledging that Defendant and Defense Counsel have read the Government's Plea Offer and the Government's estimated Sentencing Guideline Calculation.

| | |
|---|---|
| ______________________ | ______________________ |
| Tel James Boam | Date |
| ______________________ | ______________________ |
| Robin Dunn | Date |
| ______________________ | ______________________ |
| Manuel Murdoch | Date |