# ATTACHMENT D

OFFICE OF THE PROSECUTING ATTORNEY
JEFFERSON COUNTY
Paul B. Butikofer, Prosecutor ISB# 4793
Michael F. Winchester, Deputy ISB# 9342
Weston S. Davis, Deputy ISB# 7449
Scott A. Madson, Deputy ISB# 10975
210 Courthouse Way Suite 220
P. O. Box 77
Rigby, ID 83442
(208) 745-5888 (t)
(208) 745-7342 (f)
JJProsAtty@co.jefferson.id.us

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF JEFFERSON

| | | |
|---|---|---|
| STATE OF IDAHO,<br>Plaintiff,<br>vs.<br>TEL JAMES BOAM,<br>Defendant. | ) | Case No. CR26-19-2518<br><br>PLEA AGREEMENT PURSUANT TO I.C.R. 11(f)(1)(C) |

The State of Idaho, by and through Jefferson County Prosecutor, Paul G. Butikofer, Esq. and Defendant, TEL JAMES BOAM, with his attorney, Penelope North Shaul, Esq. hereby stipulate and agree as follows:

1. The State will amend the complaint to add the charge of Lewd Conduct with a Minor Under Sixteen, a felony violation of Idaho Code §§ 18-1508; 19-304(2);
2. The Defendant agrees to waive his preliminary hearing on all charges;
3. The Defendant shall plead guilty to Lewd Conduct with a Minor Under Sixteen, a felony violation of Idaho Code §§ 18-1508, 19-304(2), by genital to genital contact with T.A..

4. The State will dismiss the balance Counts I and II of the criminal information charging " "Video Voyeurism", a felony violation of Idaho Code §§ 18-6609; 18-8304(1)(a);

5. The Defendant agrees to plead guilty at his arraignment in district court;

6. The parties stipulate to the imposition of a sentence of not less than Five (5) years fixed, with Fifteen (15) years Indeterminate for a unified sentence of Twenty (20) years. This paragraph is binding upon the court ICR11(f)(1)(C);

7. The parties understand that the United States Attorney's Office will not file charges against the Defendant for the allegations in Jefferson County Report 01-2019-05821 (Lewd Conduct, Video Voyeurism, and/or Production/Possession of Child Pornography) (see Attached Letter);

8. Unless otherwise specified in this agreement, if the United States Attorney's Office files charges against the Defendant for his conduct related to recordings of T.A. during the time period specified in the charging documents of this case, the Defendant may withdraw or set aside his plea;

9. In the event the Court rejects the plea agreement, the Defendant chooses to proceed with sentencing, and the Court imposes a sentence less than stated herein, the State may forward the case to the United States Attorney's Office for charges and the Defendant forfeits his right to withdraw or set aside his plea;

10. All other matters not specifically articulated shall remain free to be argued by the parties;

11. The Defendant shall pay any and all restitution, public defender fees (if applicable), and court costs.

12. If the Defendant commits new crime(s) after the signing of this agreement, fails to fully cooperate with the presentence investigation, refuses any testing or evaluations that are

ordered by the Court as part of the sentencing process, and/or fails to appear at any future hearings, the State may recommend. and the Court may impose, a sentence that exceeds the recommendations.

DATED: January 21, 2020.

FOR

Paul G. Butikofer, Esq.
Prosecuting Attorney

DATED: 1-21-2020

TEL JAMES BOAM
Defendant

Penelope North Shaul, Esq.
Attorney for the Defendant

## DEFENDANT'S ACKNOWLEDGMENT AND CONSENT

The Defendant, TEL JAMES BOAM, in the above-entitled case, states:

1. I have read the above settlement agreement as written above.

2. I agree to be bound by the terms of this settlement agreement.

3. I understand that I am pleading guilty to Lewd Conduct, I.C. §18-1508, by genital to genital contact.

4. I understand that this charge is punishable by up to life in prison, a $50,000 fine, restitution, and sex offender registration.

5. I have had sufficient time to discuss the agreement and consequences of entering into the same with my attorney, my family or anyone else with whom I wish to consult with prior to agreeing to this settlement agreement. I believe that I am signing this agreement with full knowledge of the facts, my legal rights, and the consequences of such a plea. I also believe that my decision to enter into this agreement is intelligently made.

6. I understand that no other agreements or conditions have been made or represented to me and that the terms of the settlement agreement are fully set forth in this agreement.

7. I understand my rights as given to me by the Constitution of the United States and the Constitution of the State of Idaho and that by pleading guilty to the charge I will be giving up some of those rights, including the right to a speedy trial before a jury, the right to confront witnesses, the right to require the State of Idaho to prove the charges against me beyond a reasonable doubt, and the right against self-incrimination. I also understand that I will be giving up the right to present at trial any defense that I may have to the charges.

8. The Defendant's agreement to waive his rights to appeal and not commit (or be arrested for) any additional crimes and/or abscond from supervision by pretrial services (or test positive for drugs or controlled substances while on pretrial services) are expressed conditions precedent upon which this plea agreement is hereby entered into.

9. I understand that the Court is bound to accept or follow the plea agreement as stated herein as it pertains to the minimum agreed upon sentence. If the Court does not agree to follow the recommendations of my attorney or the State's attorney, I will be entitled to withdraw my plea of guilty.

10. I am satisfied with the services and advice of my attorney, Penelope North Shaul.

11. I sign this agreement willingly, without force or duress, and of my own free will and choice.

12. I understand that the State has made this agreement contingent on the condition that the circumstances under which the agreement was made is in accordance with my representations and that such circumstances will remain unchanged prior to sentencing. These circumstances include, but are not limited to, my representations concerning my past criminal record, my compliance with bail release conditions (such as appearing at the sentencing hearing), my compliance with the pre-sentence investigation (to include a psychosexual evaluation if ordered), my compliance with the No Contact Order, and my compliance with the law

prior to sentencing. I understand that changes in these circumstances could amount to a breach of this agreement, and in that case the State would be excused from fulfilling its promised recommendation.

DATED this 21 day of January, 2020.

TEL JAMES BOAM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the _____ day of January, 2020, a true and correct copy of the foregoing was electronically delivered to the following person(s) by:

Penelope North Shaul, Esq.
330 Shoup Ave. Ste. 201
Idaho Falls, ID 83401

Office of the Prosecuting Attorney

# U.S. Department of Justice


*United States Attorney*
*District of Idaho*
*Pocatello Branch Office*

Address
801 E. Sherman, Room 192
Pocatello, ID 83201

Boise Tel 208 [illegible]
Pocatello Tel 208 478 1166
Pocatello Fax 208 [illegible]


January 14, 2020

Ms. Penelope North-Shaul
330 Shoup Avenue, Ste. 201

Re: James Tel Boam

Dear Ms. North-Shaul:

It is my understanding that you represent James Tel Boam. Homeland Security and the Jefferson County Prosecutor's Office have presented me with information alleging that Mr. Boam violated state and federal law by producing child pornography. I believe that the case against your client is readily provable.

I am writing to inform you and your client that I am considering filing federal charges against Mr. Boam. However, I will not seek federal charges if Mr. Boam pleads in state court and the following conditions are met:

1) Mr. Boam plead via a binding rule 11 agreement;
2) Mr. Boam plead guilty one count of Lewd and Lascivious Conduct (Idaho Code 18-1508) for conduct arising in November of 2018;
3) That the Rule 11 binding agreement is for a period of incarceration not less than five years fixed and not less than 15 years indeterminate;
4) That the court follows the rule 11 agreement and sentences Mr. Boam to a period of incarceration not less than 5 years fixed and not less than 15 years indeterminate.

My estimate of what Mr. Boam would face in the federal system is as follows:

| | |
|---|---|
| **<u>Charge:</u>** | 18 U.S.C. § 2251(a) Production of Child Pornography |
| **<u>Mandatory Minimum:</u>** | 180 months (15 years) |

I will contact Mr. Winchester on January 17, 2020 to see if an acceptable state plea arrangement has been reached. If such an arrangement has not been reached, I will request the remainder of the evidence in the case. If, as I anticipate, the remainder of the evidence confirms

my belief that the case against your client is readily provable. I will charge your client in federal court. As indicated above, the federal charge will carry a fifteen-year mandatory minimum.

I ask that you please present this letter to your client. Should you have any questions, you may contact me. Thank you.

Sincerely,

BART M. DAVIS
UNITED STATES ATTORNEY

Justin Paskett
Assistant United States Attorney

JKP
cc: Mike Winchester, Deputy Jefferson County Prosecutor