# Affidavit of Penelope North-Shaul

STATE OF IDAHO )
) ss
COUNTY OF BANNOCK )

Penelope North-Shaul, being first duly sworn, states:

1. I am the affiant herein.

2. I was attorney of record representing Mr. Tel James Boam ("Mr. Boam") from October 9, 2019, to March 3, 2020.

3. At the time of my representation, Mr. Boam had been charged in Jefferson County Case No. CR26-19-2518 with three (3) counts of Video Voyeurism, felony violations of I.C. §18-6609; 18-8304(1)(a).

4. During the course of my representation of him, I negotiated the plea agreement entered into by Mr. Boam on January 21, 2020.

5. I am responding to the questions posed in the Government's Motion (Docket 12) as ordered in Case 4:24-CV-00338-BLW on May 6, 2025. My answers are in italics.

Docket 12 Questions:

1) During the course of your representation of Mr. Boam did you review discovery in the criminal matter with him? *Yes.*

   a. If yes, did you advise Mr. Boam of your assessment of any defenses he may have? *Yes.*

   b. Did you advise Mr. Boam of your assessment of his risks of proceeding to a jury trial? *Yes.*

   c. Did you ever advise Mr. Boam that the Government "could not prove its case?" *No.*

d. Did you ever advise Mr. Boam that the Government's evidence was insufficient to convict him? *No.*

2) During your representation of Mr. Boam, did you discuss the state plea agreement proposed by the Jefferson County Prosecutor's Office and the U.S. Attorney's Office for the District of Idaho? *Yes.*

a. If yes, what advice did you provide? *I advised Mr. Boam to accept the plea agreement offered by the Jefferson County Prosecutor's Office in conjunction with the Government and the Bonneville County Prosecutor's Office, and plead guilty in Jefferson County Case No. CR26-19-2518 to avoid separate prosecutions by the Bonneville County Prosecutor's Office on the Lewd and Lascivious charges and by the Government on Production of Pornography on each of the videos in question in this case.*

b. Did you review the Government's letter outlining the terms of the state plea agreement with Mr. Boam? *Yes.*

c. Did you discuss with Mr. Boam the potential of federal charges? *Yes.*

i. If yes, did you discuss federal mandatory minimum sentences? *Yes.*

d. Upon consideration of your review of the discovery in the case, consideration of possible defenses, and after reviewing the plea offer, did you give Mr. Boam advice about your professional opinion on whether he should accept the plea offer? *Yes.*

i. If yes, what was your advice on whether Mr. Boam should accept the plea offer? *I reviewed the discovery provided by the Jefferson County Prosecutor's Office, including viewing the videos at issue in the case with the Jefferson County Sheriff's Office, and reviewed the information relating to the Lewd and Lascivious Conduct charge in Bonneville County. I advised Mr. Boam that the evidence was substantial in these cases, and that the likelihood of conviction was high based on that evidence. In addition, I advised Mr. Boam that his defenses were not credible and would likely not sway a jury in his favor at trial. I discussed with him the potential penalties in state court versus the mandatory minimum periods*

*of incarceration that would apply upon conviction in federal court. I advised him that my professional opinion was that he should accept the plea agreement to avoid federal prosecution given the mandatory minimum periods of incarceration if convicted, as well as to avoid a potential life sentence on the Lewd and Lascivious Conduct charges, thereby limiting his potential incarceration to five (5) years fixed followed by fifteen (15) years indeterminate under the terms of the plea agreement.*

3) Did you discuss the consequences of withdrawing from the state plea agreement? *No.*

a. If yes, did you advise Mr. Boam about the risks associated with withdrawing from the state plea agreement? *No. However, on February 25, 2020, I sent an e-mail in which I discussed the consequences that would occur should there be any deviation from the terms of the plea agreement: that being that the federal charges would be pursued on all the videos, each of which was subject to a mandatory minimum fifteen years of prison.*

b. Did you discuss with Mr. Boam federal mandatory minimum sentences? *Yes. Please see above responses to 2)(c)(i.) and 3(a).*

c. Did you advise Mr. Boam of your professional opinion about whether he should withdraw from the state plea agreement? *No. The topic of withdrawing Mr. Boam's plea did not come up during the period of my representation of him.*

i. If yes, what was that opinion? *N/A*

4) Do you know why Mr. Boam terminated you as counsel? *No.*

a. If yes, did that termination have anything to do with your assessment of his risks at trial?

i. Or, did that termination have anything to do with your advice encouraging Mr. Boam to accept the state plea offer and/or not withdraw his guilty plea?

5) Is there any other information that you believe is relevant to issues relating to Mr. Boam's assertion that he was never properly advised about the risks of proceeding to trial, the benefits of a plea agreement, federal mandatory minimums, the federal sentencing guidelines, the strength of the Government's case or the evidence against him. *I had multiple in-person meetings with Mr. Boam to evaluate his case with him, discuss the strength of the evidence against him, and the viability of defenses. In December 2019, well before the Government sent me the target letter to discuss with my client, I consulted with a federal public defender to ensure that I had correct information regarding the potential penalties Mr. Boam would face if the Government pursued charges against him. The information I obtained from this consultation was included in my discussions with Mr. Boam regarding his case and the benefits of the plea agreement versus trial on the matter(s).*

Dated May 22, 2025.

PENELOPE NORTH-SHAUL
Trial Attorney

SUBSCRIBED AND SWORN to before me, a Notary Public in the State of Idaho, on this 22nd day of May, 2025.

JESSICA PERRY
NOTARY PUBLIC
Comm. No. 65753
STATE OF IDAHO

Notary Public, State of Idaho
Residing at: Bannock County
Commission Expires: 6-24-2027