Dan C. Dümmar ISB 6356
BEARD ST. CLAIR GAFFNEY PA
520 First American Circle
Rexburg, Idaho 83440
Telephone: (208) 359-5885
Facsimile: (208) 359-5888
dan@beardstclair.com

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TEL JAMES BOAM,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:24-cv-338-BLW<br>4:20-cr-188-BLW-1<br><br>**DECLARATION OF DAN C. DUMMAR** |

1. I Dan C. Dümmar make this declaration as ordered by this Court, and upon this Court's finding that Tel James Boam has waived attorney-client privilege as to the information provided herein. *See* (Dkt. 15).

2. I am an attorney licensed to practice law in the State of Idaho and was retained in 2020 to represent Tel James Boam in a state criminal case along with my partner, Kristopher Meek. The state criminal case involved charges stemming from allegations that Mr. Boam committed the crime of lewd conduct with a minor and produced images of child pornography. At the time of my representation, Mr. Boam was already pending sentencing in the state case after pleading guilty via a negotiated plea agreement to the lewd conduct charge. The plea agreement contemplated a 5-year fixed prison sentence followed by 15 years of indeterminate

time. In exchange for Mr. Boam's guilty plea the state production of child pornography charge was dismissed, and the federal government agreed not to bring charges for production of child pornography.

2. In representing Mr. Boam, I reviewed discovery materials with him. I also consulted with my co-counsel, Kristopher Meek, regarding the discovery. I visited with the officers, and under their direction, reviewed the videos of child pornography found on Mr. Boam's iCloud account. Based on my review, I concluded that the recordings were created in a manner that did not appear accidental, and did not support Mr. Boam's version of the events.

3. Based on my review and our thorough analysis of the evidence, I and my partner advised Mr. Boam that his explanation of the events was not credible. We explained that the nature of the recordings suggested intentional conduct, which would not appear to a jury as accidental or the camera acting autonomously. We informed Mr. Boam that his version of events would likely not be believed by a jury and provided detailed reasoning for this assessment.

4. I and my partner strongly urged Mr. Boam to not withdraw from the state plea agreement. We advised him that withdrawing from the plea would be detrimental to his interests. Specifically, I informed Mr. Boam that:

a. It was highly likely he would face federal indictment if he withdrew from the plea.

b. Sentencing in federal court would be significantly harsher than in state court and I reviewed the federal sentencing guidelines with him, particularly as they relate to child exploitation crimes, to underscore the severity of potential federal consequences.

5. At some point during my representation Mr. Boam informed me that he had spoken with attorney Robin Dunn, who reportedly disagreed with our assessment and advice.

Mr. Boam stated that Mr. Dunn believed our concerns were unfounded and that he could prevail in the case. In response, Mr. Dummar and I reiterated to Mr. Boam that the evidence, including the recordings, was highly damaging and would likely lead to an unfavorable outcome if he proceeded to trial. We advised him that Mr. Dunn's assessment was not aligned with the evidence and that proceeding in federal court would result in a very bad outcome.

7. I explicitly warned Mr. Boam not to be surprised if events unfolded as we had advised, given the strength of the evidence and the risks of withdrawing from the plea.

8. We thoroughly discussed the risks, the evidence, and the likely outcomes in both state and federal court.

9. As further evidence, I have attached a signed statement executed by Mr. Boam at the time he rejected the State's offer and near the conclusion of my representation. Mr. Boam reviewed and acknowledged the contents of the statement before signing. The statement accurately reflects the facts, and Mr. Boam signed it knowingly, voluntarily, and without any undue influence or duress.

9. My representation of Mr. Boam was conducted with the same diligence, professionalism, and commitment to his interests that I apply in all cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this ___12___ day of May 2025

[signature]

DAN C. DUMMAR

Do Not Release

Do Not Release

Do Not File

**MEMORANDUM OF UNDERSTANDING AND CONSENT TO WITHDRAW GUILTY PLEA AND WAIVE RIGHT TO A SPEEDY TRIAL**

TEL JAMES BOAM, defendant in the criminal case filed in the Seventh Judicial District, in and for Jefferson County, Idaho, as Case No. CR26-19-2518, states as follows:

1. I am the Defendant in the above-referenced case.

2. My attorneys have explained to me the implications of withdrawing my guilty plea and my right to a speedy trial and the implications of both, and I understand and accept the same.

3. I understand the risks associated with withdrawing my plea and possibly going to federal court.

4. I understand the minimum mandatory prison sentence at the federal level.

5. My attorneys have explained that this is a realistic possibility that I will serve this prison sentence.

6. My attorneys have explained the risks associated with this process.

7. Nothing has been promised to me by my attorneys or anyone else to withdraw my plea.

8. My attorney has not suggested that it will be better in the federal system than the state system. In fact, my attorneys have suggested that it could very well be better in the state system because if convicted, I may serve less time in the state system than the federal system.

9. I am instructing my attorneys that I wish to withdraw my guilty plea and waive my right to a speedy trial knowingly and voluntarily. This waiver is given with a full knowledge and understanding of my rights.

DATED:

[signature]

Tel James Boam

Do Not Release