KRISTOPHER D. MEEK
BEARD ST. CLAIR GAFFNEY
955 PIER VIEW DRIVE
IDAHO FALLS, IDAHO 83402
TELEPHONE: (208) 523-5171
FACSIMILE: (208) 523-5146

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TEL JAMES BOAM,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 4:24-cv-338-BLW<br>4:20-cr-188-BLW-1<br><br>**DECLARATION OF KRISTOPHER D. MEEK** |

1. I Kristopher D. Meek make this declaration as ordered by this Court, and upon this Court's finding that Tel James Boam has waived attorney-client privilege as to the information provided herein. *See* (Dkt. 15).

2. I am an attorney licensed to practice law in the State of Idaho and was retained in 2020 to represent Tel James Boam in a state criminal case along with my partner, Dan Dummar. The state criminal case involved charges stemming from allegations that Mr. Boam committed the crime of lewd conduct with a minor and produced images of child pornography. At the time of my representation, Mr. Boam was already pending sentencing in the state case after pleading guilty via a negotiated plea agreement to the lewd conduct charge. The plea agreement contemplated a 5-year fixed prison sentence followed by 15 years of indeterminate time. In

exchange for Mr. Boam's guilty plea the state production of child pornography charge was dismissed, and the federal government agreed not to bring charges for production of child pornography.

2. In representing Mr. Boam, I reviewed discovery materials with him. I also consulted with my co-counsel, Dan Dummar, regarding the discovery. Mr. Dummar had gone to Homeland Security where the child pornography discovery was held and reviewed the videos of child pornography found on Mr. Boam's iCloud account. Based on his review Mr. Dummar concluded that the recordings were created in a manner that did not appear accidental, and did not support Mr. Boam's version of the events.

3. Based on Mr. Dummar's review and our thorough analysis of the evidence, Mr. Dummar and I advised Mr. Boam that his explanation of the events was not credible. We explained that the nature of the recordings suggested intentional conduct, which would not appear to a jury as accidental or the camera acting autonomously. We informed Mr. Boam that his version of events would likely not be believed by a jury and provided detailed reasoning for this assessment.

4. Mr. Dummar and I strongly urged Mr. Boam to not withdraw from the state plea agreement. We advised him that withdrawing from the plea would be detrimental to his interests. Specifically, I informed Mr. Boam that:

a. It was highly likely he would face federal indictment if he withdrew from the plea.

b. Sentencing in federal court would be significantly harsher than in state court and I reviewed the federal sentencing guidelines with him, particularly as they relate to child exploitation crimes, to underscore the severity of potential federal consequences.

5. At some point during my representation Mr. Boam informed me that he had spoken with attorney Robin Dunn, who reportedly disagreed with our assessment and advice. Mr. Boam stated that Mr. Dunn believed our concerns were unfounded and that he could prevail in the case. In response, Mr. Dummar and I reiterated to Mr. Boam that the evidence, including the recordings, was highly damaging and would likely lead to an unfavorable outcome if he proceeded to trial. We advised him that Mr. Dunn's assessment was not aligned with the evidence and that proceeding in federal court would result in a very bad outcome.

7. I explicitly warned Mr. Boam not to be surprised if events unfolded as we had advised, given the strength of the evidence and the risks of withdrawing from the plea.

8. Mr. Boam's claim that he was unaware of the potential consequences of proceeding to trial is inconsistent with the advice provided by Mr. Dummar and myself. We thoroughly discussed the risks, the evidence, and the likely outcomes in both state and federal court. In fact, Mr. Dummar prepared and we worked with Mr. Boam to sign a memorandum of understanding to ensure that Mr. Boam knew what he was doing in not taking our advice.

9. My representation of Mr. Boam was conducted with the same diligence, professionalism, and commitment to his interests that I apply in all cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this 12th day of May, 2025.

KRISTOPHER D. MEEK